RECEIVED
IN ALEXANDRIA, LA
FEB 4 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES ROCKETT, III<br>FED. REG. #25783-018<br>VS.<br><br>WARDEN JOE KEFFER | CIVIL ACTION NO. 08-1143<br>SECTION P<br>JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

On August 4, 2008, *pro se* petitioner James Rockett, III, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is currently incarcerated at the United States Penitentiary, Lee Virginia, however, when he filed his petition he was incarcerated at the United States Penitentiary, Pollock, Louisiana. Petitioner claims that the sentence imposed by the United States District Court for the Middle District of Florida following his conviction for possession of a firearm by a convicted felon is an illegal sentence. In a subsequent pleading petitioner sought habeas corpus relief based on an improper prisoner classification assignment by the BOP. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition for *habeas corpus* [rec. doc. 1] be **DISMISSED WITH PREJUDICE** for lack of jurisdiction; it is further recommended

that the motion for habeas corpus [rec. doc. 3] be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be afforded.

## *Background*

On September 10, 2004 petitioner pled guilty to a charge of possession of a firearm by a convicted felon (18 U.S.C. §922(g)) in the United States District Court for the Middle District of Florida. [See <u>United States v. James Rocket</u>, aka James Rockett, aka James Rockett, III, No. 6:04-cr-00141 at rec. docs. 16-21] On November 19, 2004 he was sentenced to serve 72 months in custody and thereafter three years of supervised release; judgment was entered on November 30, 2004. [*Id.* at rec. docs. 28-29] He appealed and on June 23, 2005, the United States Eleventh Circuit Court of Appeals vacated his sentence and remanded for re-sentencing. [*Id.* at rec. doc. 44] On October 11, 2005 the District Court re-sentenced petitioner in accordance with the remand order of the Eleventh Circuit. Petitioner was again sentenced to serve 72 months in custody followed by a 3 year term of supervised release. [*Id.* at rec. docs. 49-50] On October 12, 2007 petitioner filed a *pro se* motion for reconsideration of sentence. [*Id.* at rec. doc. 51] On October 29, 2007 his motion was denied. [*Id.* at rec. doc. 53] On September 26, 2008 petitioner filed a *pro se* "Motion to Extend Time to File 28 U.S.C. §2255." [*Id.* at rec. doc. 56] On October 14, 2008, the

2

Court construed the motion as the initiation of the §2255 process, but otherwise denied the motion with respect to petitioner's request concerning expansion of the statutory limitations period. [*Id.* at rec. doc. 57]

On October 27, 2008 petitioner filed a formal *pro se* Motion to Vacate pursuant to 28 U.S.C. §2255 in the United States District Court for the Middle District of Florida. Therein he raised a single claim for relief – incorrect sentence due to incorrect Pre-sentence Report scoring error. The government applied for and was granted an extension of time – until February 14, 2009 – within which to respond to petitioner's motion. See James Rockett, III v. United States, No. 6:08-cv-1781 at rec. docs. 1, 4, 5, 6 and 7. Thus, petitioner's Motion to Vacate remains pending in the United States District Court for the Middle District of Florida.

Petitioner filed his *pro se habeas corpus* petition in this Court on August 4, 2008. Therein he argued that "... the sentence for which he is held is an illegal sentence due to 'double jeopardy' and should be vacated and corrected." In support of this allegation he argued that he "... was sentenced to a term of imprisonment by the U.S. District Court, Middle District of Florida for possession of a firearm by a convicted felon ... to a term of 72 months imprisonment with the criminal history category V(5) and the base offense level 21." He then argued that this

sentence is illegal because of errors made in the calculation of the criminal history category. [rec. doc. 1]

On August 11, 2008 petitioner filed a "supplemental statement" arguing again his claim of error in the calculation of the pre-sentence investigation report. He also proffered an argument regarding the timeliness of his §2255 motion which remains pending in the Middle District of Florida. [rec. doc. 2]

On the same date petitioner also filed a "Motion for Habeas Corpus Relief pursuant to 28 U.S.C. §2241." In that pleading petitioner objected to his prisoner classification and complained of threats of bodily harm by other inmates at "numerous" BOP institutions; he requested an order staying his transfer to another BOP prison. [rec. doc. 3]

In December 2008 petitioner was transferred to the United States Penitentiary, Lee, Virginia. [rec. docs. 7, 8, and 10]

## Law and Analysis

### 1. Habeas Corpus - Illegal Sentence

Petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2241. He argued that the sentence imposed by the United States District Court for the Middle District of Florida is an illegal sentence because of errors contained in the pre-sentence investigation report.

*Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the <u>manner</u> in which a sentence is

4

executed. See <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. See <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir.1990).

Here, petitioner collaterally attacks his sentence and therefore, his claim should be advanced in a Motion to Vacate filed pursuant to 28 U.S.C. §2255.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the §2255 "savings clause." See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. <u>Reyes-Requena</u>, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th

Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has a §2255 Motion pending in the Court where he was convicted. In addition, he has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in his pending Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. Christopher v. Miles, 342 F.3d 378 (5th Cir. 2003).

**2. *Habeas Corpus* – *Prison Transfer [rec. doc. 3]***

Petitioner's second *habeas* petition, styled as a "Motion for *Habeas Corpus* Relief Pursuant to 28 U.S.C. §2241" fares no better but for different reasons. As noted above, a *habeas* action filed pursuant to §2241 may used to challenge the <u>manner</u> in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir.2000). In his "Motion" petitioner complains that the BOP has

erroneously assigned him a particular prisoner classification and that they have erroneously assigned him to various "dangerous" prisons without regard to his physical safety and welfare. In this "Motion" he challenges the <u>manner</u> in which his sentence is being executed by the BOP.

While §2241 provides the proper means to advance his claim, he is not entitled to relief pursuant to §2241. Petitioner is entitled to *habeas corpus* relief only if he establishes that he is in custody in violation of the Constitution or laws of the United States, or, that he has otherwise been denied some right secured to him by the Constitution or laws of the United States. <u>Allison v. Kyle</u>, 66 F.3d 71, 73 (5th Cir.1995); see also 28 U.S.C. § 2241(c)(3). Nothing in the Motion or exhibits [rec. doc. 3] suggests that petitioner's custody violates the Constitution or laws of the United States, or that he has otherwise been denied some right secured by the Constitution and laws of the United States.

Petitioner implies that the BOP has erroneously determined his custody classification thus depriving him of some right guaranteed by the Constitution; he likewise implies that the BOP's decisions to transfer him to other prisons violate his rights under the Constitution. He is incorrect.

By virtue of a valid criminal conviction and subsequent legal confinement, a prisoner loses his expectation of liberty.

7

See Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Nevertheless, petitioner implies that his due process rights were violated (or will be violated) when (or if) prison officials, relying on his prisoner classification, confine him to the general population at a prison of their choice.

This allegation, taken as true for the purposes of this Report, fails to state a constitutional claim authorizing *habeas* relief because "[t]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin v. Conner, 515 U.S. 472, 478, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The federal jurisprudence holds that a prisoner's due process rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

In other words, when a prisoner is lawfully incarcerated, he loses by virtue of his confinement, many of the rights and privileges that most citizens enjoy. Madison v. Parker, 104 F.3d 765, 767 (5th Cir.1997). Thus, "... mere [ ] changes in the conditions of [ ] confinement ... do not implicate due process concerns." See Madison, 104 F.3d at 768; see also Harper v. Showers, 174 F.3d 716, 718 (5th Cir.1999) ("Inmates have no protectable property or liberty interest in custodial classifications."). Petitioner's security classification does not

8

amount to an "atypical" hardship and therefore, insofar as he complains about his confinement in the "general population," he fails to state a claim for which relief might be granted.

Likewise, to the extent he implies that he is entitled to be transferred to another prison, or to remain in a prison of his choosing, he fails to state a claim for which relief might be granted, since prisoners do not have a constitutional due process right to incarceration in a particular place or at a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 245-46, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Such decisions are generally left to the discretion of corrections officials and are not typically subject to judicial review.

In short, petitioner has not shown that he is in custody in violation of the Constitution and laws of the United States; nor has he otherwise shown that he has in any way been deprived of a right secured to him by the Constitution. Accordingly, with regard to his "Motion" [rec. doc. 3] he is not entitled to *habeas corpus* relief pursuant to 28 U.S.C. § 2241.

3. **Conclusion and Recommendation**

Considering the forgoing,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* [rec. doc. 1] be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims;

amount to an "atypical" hardship and therefore, insofar as he complains about his confinement in the "general population," he fails to state a claim for which relief might be granted.

Likewise, to the extent he implies that he is entitled to be transferred to another prison, or to remain in a prison of his choosing, he fails to state a claim for which relief might be granted, since prisoners do not have a constitutional due process right to incarceration in a particular place or at a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 245-46, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Such decisions are generally left to the discretion of corrections officials and are not typically subject to judicial review.

In short, petitioner has not shown that he is in custody in violation of the Constitution and laws of the United States; nor has he otherwise shown that he has in any way been deprived of a right secured to him by the Constitution. Accordingly, with regard to his "Motion" [rec. doc. 3] he is not entitled to *habeas corpus* relief pursuant to 28 U.S.C. § 2241.

3. **Conclusion and Recommendation**

Considering the forgoing,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* [rec. doc. 1] be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims;

**IT IS FURTHER RECOMMENDED THAT** the Motion for *Habeas Corpus* [rec. doc. 3] be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Alexandria, Louisiana, _____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE